1  Robert F. Schwartz, SBN 227327
   rschwartz@truckerhuss.com
2  Virginia H. Perkins, SBN 215832
   vperkins@truckerhuss.com
3  TRUCKER + HUSS
   A Professional Corporation
4  120 Montgomery Street, 23rd Floor
   San Francisco, California 94104
5  Telephone:   (415) 788-3111
   Facsimile:   (415) 421-2017
6
   Attorneys for Defendant Western Conference
7  of Teamsters Pension Trust Fund

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                SOUTHERN DIVISION

11

12  EDWARD MIRELES,                    Case No.   SACV08-00249 AG (RNBx)

13              Plaintiff,             NOTICE OF REMOVAL OF ACTION
                                       TO FEDERAL COURT
14       vs.

15  INTERNATIONAL BROTHERHOOD OF
    TEAMSTERS UNION LOCAL 952;
16  WESTERN CONFERENCE OF
    TEAMSTERS PENSION TRUST FUND;
17  PATRICK KELLY; AND DOES 1-100,
    INCLUSIVE,                         (Superior Court of the State of California,
18                                     County of Orange, Case No. 30-2008,
                Defendant.             00102307)
19

20

21  TO THE CLERK OF THE ABOVE ENTITLED COURT:

22       Defendant Western Conference of Teamsters Pension Trust Fund (the "Trust") hereby

23  removes the above-entitled action from the Superior Court of the State of California, County of

24  Orange, in which it is now pending, to the United States District Court for the Central District of

25  California, Southern Division. The grounds for removal are as discussed below.

26                    GROUNDS FOR REMOVAL

27       1.   The Trust has been named in a civil action brought in the Superior Court of

28  California for the County of Orange entitled Edward Mireles v. International Brotherhood of

_____
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT                                1

#901822

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

Teamsters Union Local 952, Case Number 30-2008, 00102307 (the "Action"). This Action was filed on February 5, 2008. The Trust, defendant International Brotherhood of Teamsters Union Local 952, and defendant Patrick Kelly received notice of the Complaint and Summons no earlier than February 5, 2008. A true and correct copy of the Complaint, Civil Cover Sheet, and Summons is attached as **Exhibit 1** and hereby incorporated into this Notice. **Exhibit 1** constitutes all process, pleadings, and orders received by the Trust in the Action.

      2.     This Notice of Removal is timely filed as required by 28 U.S.C. § 1446(b) because it is filed not more than one year after the commencement of the Action and is filed within 30 days after the earliest date on which service of the Summons and Complaint on any of the defendants could possibly have been completed. *See Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

      3.     This Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the Trust pursuant to the provisions of 28 U.S.C. § 1441, because the Action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*, in that:

      a.    Plaintiff Edward Mireles (the "Plaintiff") alleges a claim against the Trust that can only be construed as a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks "at least $200 per month" in pension benefits under the Western Conference of Teamsters Pension Plan (the "Plan"), based on 13 weeks, or 738 hours, of severance pay which he contends should have been included in calculating his pension benefits under the Plan.

      b.    The Trust is a jointly administered labor-management pension trust fund that provides benefits to eligible employees of participating union employers under the Plan. Each Union employer participating in the Plan enters into a Pension Agreement with the Trust under which the employer agrees to make certain contributions to the Trust, based on "compensable hours" worked by its covered employees. These contributions are used to fund pension benefits payable to eligible employees pursuant to the terms of the Plan.

#901822

c. The Plan is an "employee pension benefit plan" under ERISA § 3(2), 29 U.S.C. § 1002(2). As such, the Plan is governed by ERISA. *See* ERISA §§ 3(3) & 4(a), 29 U.S.C. §§ 1002(3) & 1003(a).

d. Though he avoids identifying the Plan by its full name in the body of his Complaint, Plaintiff contends that severance pay constitutes "compensable hours" under the Plan and that, as such, his employer (Defendant International Brotherhood of Teamsters Union Local 952) was obligated to contribute $6.50 per hour to the Trust for every hour of severance pay received and that the Trust was obligated to collect those contributions from the Union. (Complaint ¶¶ 14, 16, 34, 35, 52, 53). The footer of Plaintiff's Complaint makes clear that he is seeking to "Enforce the Terms of [the] Pension Plan." (Complaint, Footer). Whether Plaintiff is entitled to the pension benefits he seeks will depend on the definition of "compensable hours" in the Plan. (Complaint ¶ 16).

e. According to Plaintiff, "[a]s a direct and proximate result of Trust Fund's failure to collect pension contributions for the 738 compensable hours represented by Plaintiff's severance pay, Plaintiff's pension payments have been reduced by at least $200.00 per month, with such payments continuing to the end of his life." (Complaint ¶ 36; see also Complaint ¶ 50).

f. Although styled as a claim for declaratory relief, injunctive relieve and breach of contract, the gravamen of Plaintiff's claim against the Trust is a claim for benefits under the Plan pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). A claim for benefits from an ERISA-governed plan may only be brought under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488 (2004).

g. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed… This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law,

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

#901822

1    is in reality based on federal law… ERISA is one of these statutes." *Id.* at 207-08

2    (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156

3    L.Ed.2d 1 (2003)); *see also Cleghorn v. Blue Shield of California*, 408 F.3d 1222,

4    1225 (9th Cir.2005).

5    h.   Plaintiff "cannot avoid complete preemption… by artfully pleading a complaint so

6    as to omit facts that include federal jurisdiction." *Parrino v. FHP, Inc.*, 146 F.3d

7    699, 704 (9th Cir. 1998). Because the Complaint asserts a claim for benefits from an

8    employee benefit plan governed by ERISA, this Court has original jurisdiction over

9    the Action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1) and the Action

10    can be removed to federal court. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.

11    58, 65-66 (1987).

12    i.   Plaintiff's claims are also preempted because they "relate to" an employee benefit

13    plan governed by ERISA. *See* ERISA § 514(a), 29 U.S.C. § 1144(a); *Pilot Life Ins.*

14    *Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987). Claims that are preempted by ERISA

15    and redressable under ERISA § 502(a), 29 U.S.C. § 1132(a), are removable because

16    they are necessarily federal in character. *See id.*; *Sorosky v. Burroughs Corp.*, 826

17    F. 2d 794, 799 (9th Cir. 1987). ERISA's preemption clause is "conspicuous for its

18    breadth. It establishes as an area of exclusive federal concern the subject of every

19    state law that 'relates to' an employee benefit plan governed by ERISA." *FMC*

20    *Corp. v. Holliday*, 498 U.S. 52, 58 (1990). Plaintiff's alleged right to additional

21    pension benefits provides the stated basis for the Complaint, making the existence

22    of the Plan critical to all the claims asserted in the Complaint. ERISA therefore

23    preempts the Plaintiff's state law claims. *See Ingersoll-Rand Co. v. McClendon*,

24    498 U.S. 133, 139-40 (1990).

25    4.   All other defendants who may have been served with Summons and Complaint have

26    joined in this Notice of Removal, as evidenced by the Joinder to Notice of Removal filed

27    concurrently herewith.

28

Trucker ♦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

#901822

1       5.    The Trust has taken no action in the state court proceeding, and no further

2   proceedings have been had in this matter in the state court.

3       6.    Promptly after filing this Notice of Removal, the Trust shall give written notice to

4   Plaintiff of the filing of this Notice and shall, pursuant to 28 U.S.C. § 1446(d), file a copy of the

5   notice to Plaintiff with the Clerk of Superior Court for the State of California, County of Orange.

6       7.    The Trust is represented by the undersigned attorneys who certify, pursuant to Rule

7   11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

8

9   DATED: _____3/5/ 08_____        TRUCKER ✦ HUSS

10

11                By: _____

12                   Robert Schwartz
                Attorneys for Defendant the Western Conference

13                   of Teamsters Pension Fund

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Trucker ✦ Huss
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104

NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT        5

#901822

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1



02/05/2008 14:20      Jarvislaw      (COPY)      [FAX]5725951234      P.002/016

RECEIVED

FEB 07 2008

**SUM-100**

**SUMMONS**
**(CITACION JUDICIAL)**

CHRIS ESPINOZA
**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
International Brotherhood of Teamsters Union Local 952; Western
Conference of Teamsters Pension Trust Fund; Patrick Kelly;
and DOES 1-100, inclusive,

**RECEIVED**

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

FEB 07 2008

Edward Mireles

**SWA/TBIC**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 05 2008

ALAN SLATER, Clerk of the Court

BY: R. LUCEY  DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

30-2008

00102307

The name and address of the court is:
(El nombre y dirección de la corte es):
Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701

CASE NUMBER:
(Número del Caso:)

JUDGE JAMOA MOBERLY
DEPT. C7

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Vanessa Jarvis, Esq., JARVIS LAW OFFICES, 3970 Atlantic Avenue, Suite 202, Long Beach, CA 562-595-1249

DATE:  FEB 05 2008   ALAN SLATER   Clerk, by   R. LUCEY   , Deputy
(Fecha)      (Secretario)      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [✓] on behalf of (specify): International Brotherhood of Teamsters Union Local 952

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [✓] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [✓] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com

02/05/2008 14:20          Jarvislaw                    (FAX)5625951234            P. 004/015

COPY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

FEB 05 2008

ALAN SLATER, Clerk of the Court

BY:___R. LUCEY___, DEPUTY

1   JARVIS LAW OFFICES
    Vanessa Jarvis, Esq., Bar No.: 201585
2   3970 Atlantic Avenue, Suite 202
    Long Beach, CA 90807
3   Tel: (562) 595-1249
    Fax: (562) 595-1234
4

5   Attorney for Plaintiff, Edward Mireles

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

10                                                      30-2008

11  Edward Mireles,                                     00102307
                                    COMPLAINT FOR:
12           Plaintiff,

13           vs.                         1. DECLARATORY RELIEF;
                                         2. BREACH OF CONTRACT;
    International Brotherhood of Teamsters Union
14  Local 952; Western Conference of Teamsters   3. BREACH OF CONTRACT;
                                                 4. EQUITABLE ESTOPPEL;
15  Pension Trust Fund; Patrick Kelly; and DOES  5. INJUNCTIVE RELIEF;
    1-100, inclusive,                            6. INJUNCTIVE RELIEF; AND
16           Defendant.                          7. BREACH OF COVENANT OF
                                                    GOOD FAITH AND FAIR DEALING.
17

18                                  BY FAX   JUDGE JAMOA MOBERLY
19                                           DEPT. C7

20  ─────────────────────────────────────────────────────────

    Comes now, Edward Mireles ("PLAINTIFF"), who alleges as follows:
21
                                   PARTIES
22
    1. PLAINTIFF was at the times mentioned in this complaint employed under a contract
23
    entered onto and in performed in Orange County, California.
24
    2. Defendant International Brotherhood of Teamsters Local 952 ("UNION") maintains its
25
    principal place of business in Orange County, California.
26
                                              RECEIVED
27

28                                            FEB 07 2008

                                              SWA/ BIC.
                                   1
    ─────────────────────────────────────────────────────────
                 Complaint to Enforce Terms of Pension Plan
                                          11414787.1d - 2/5/2008 1:24:46 PM

1      3. Defendant Western Conference of Teamster Pension Trust Fund ("TRUST FUND") was at

2  the times mentioned in this complaint party to a contact entered onto and in performed in Orange

3  County, California.

4      4. Defendant Patrick Kelly is and was at all times mentioned in this complaint, a resident of

5  Orange County, California.

6      5. PLAINTIFF does not know the true names of defendants DOES 1 through 100, inclusive,

7  and therefore sues them by those fictitious names. Plaintiff is informed and believes that DOE

8  defendants are California residents and/or entities organized and/or doing business in California.

9  **FACTUAL BACKGROUND**

10      6. PLAINTIFF was employed by UNION from 1979 until 1999.

11      7. During the time that Plaintiff was employed by UNION he was a member of the TRUST

12  FUND.

13      8. PLAINTIFF is informed and believes, and upon such information and belief alleges, as of

14  January 1999, and at all relevant times thereafter, plaintiff was covered under the PENSION

15  AGREEMENT.

16      9. The PENSION AGREEMENT reads as follows:

17      1.    Union shall pay into the Western Conference of Teamsters Pension Trust Fund for

18          each of its Employees the sum specified below per compensable hour, provided

19          that Union shall contribute no more than 40 compensable hours per Employee per

20          calendar week.

21              a.    For each of its Employees who is compensated for 32 or more

22                   hours during a calendar week, Union shall make a contribution for

23                   that week calculated as if that Employee had been compensated for

24                   40 hours during that week.

25              b.    For each of its Employees who is compensated for less than 32

26                   hours during the calendar week, Union shall make a contribution

27                   based on the Employee's actual number of compensable hours

28                   during that calendar week.

*RECEIVED*

*ESPINOZA*

*FEB 0 7 2008*

2

c. Comtributions are payable from the compensable hours earned by any Employee working under the provisions of this Agreement.

**Basic Hourly Pension**

**Contribution Rate**

$ 6.10

2. By completing this paragraph, Union agrees to make pension contributions to the trust fund under the Program for Enhanced Early Retirement ("PEER") at the contribution rate specified below on the same basis as at the basic contributions stated above

**Peer Hourly Rate**

$ 0.40

Union acknowledges that PEER contributions do not apply to benefit accruals and must at all times be 6.5% of the basic contribution. PEER contributions may not be decreased or discontinued, (PEER participation can be retroactive a maximum of six months)

3. Employee means full-time, part-time, casual, and temporary and salaried and hourly employees and includes without limitations, clerical employees, business agents, organizers, dispatchers, ect., as well as full-time paid officers (such as the Secretary Treasurer) and any other individual that qualifies as a common law employee of the Union.

4. If the initials of the authorized representatives of Union and Trustees appear at the bottom of this paragraph, Union agrees not to cover under this Agreement any Employee, who at the time of reference, are covered by a collective bargaining agreement with a labor organization which provided for participation of those employees in a multi-employer pension plan maintained by such labor organization.

XXXXXXXXXXXXXXXX                    XXXXXXXXXXXXXXXX

For the Trustees                         For the Union RECEIVED

---

3

Complaint to Enforce Terms of Pension Plan

5. The total amount for each month under this Agreement shall be remitted to the Trust Fund in a lump sum not later than ten days after the last business day of each month. Union agrees to abide by such rules as may be established by Trustees to facilitate the determination of the hours for which contributions are due, the prompt and orderly collection of such amounts, an the accurate reporting and recording of such hours, and such amounts paid on account of each Employee of the Union. Union agrees to be bound by the Agreement and Declaration of Trust of the Western Conference of Teamsters Pension Trust Fund and the Western Conference of Teamster Pension Plan, as now constituted or hereafter amended, including but not limited to the provision of said Trust Agreement relating to the collection of employer contributions. Nothing herein shall constitute Union as Employer for purposes of the provisions of the Trust Agreement relating to the selection or removal of a Trustee.

6. The Agreement shall continue in effect for a period of three years from the effective date of the contribution rate listed in paragraph 1, or, if after, the effective date of Union's participation in PEER pursuant to paragraph 2 above. This agreement shall continue in effect from year to year thereafter unless Union submits a notice in writing to the Trustees not less than 60 days before the end of that three year period, or the end of any subsequent annual period, of its desire to terminate, modify, or amend this Agreement. The Trustees may terminate, modify, or amend this Agreement at any time upon 60 day advance notice to Union, provided that nothing herein shall authorize the Trustee to change the rate at which, or the basis on which, Union is obligated to make contributions to the Trust Fund on behalf of any employee covered by this Agreement, and provided further, that no amendment or modification to the Agreement, by the Trustees that is not uniformly applicable to all similarly situated Teamster labor organizations shall be made without the written consent of the Union. This Agreement may be

RECEIVED

4

Complaint to Enforce Terms of Pension Plan

FEB 17

CHRIS ESPINOZA

1          amended at any time by written instrument executed by Union and by an

2          authorized representative of the Trustees.

3      10. The PENSION AGREEMENT was drafted by UNION.

4      11. Per the TRUST FUND, a "Covered Employer" was any employer that was bound by the

5   trust agreement and was obligated to make payments to the TRUST FUND under a pension

6   agreement. As a covered employer, UNION was obligated to make payments to the TRUST

7   FUND per the PENSION AGREEMENT.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against all defendants)

11      12. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11 above as

12  though fully set forth herein.

13      13. A dispute has arisen and an actual controversy now exists between PLAINTIFF and

14  defendants. PLAINTIFF contends that defendants have materially breached the PENSION

15  AGREEMENT entered into by PLAINTIFF and defendants. PLAINTIFF is informed and

16  believes and thereon alleges that defendants dispute and deny such contentions.

17      14. PLAINTIFF contends that PLAINTIFF's severance pay constitutes "compensable hours"

18  as defined by the PENSION AGREEMENT drafted by UNION and signed by UNION and

19  PLAINTIFF, and as such, PLAINTIFF's severance must be applied towards his pension

20  contributions at a rate of $6.50 per compensable hour. Defendants contend that severance pay is

21  not within the meaning of "compensable hours" as defined by the pension plan.

22      15. PLAINTIFF has no other plain, speedy, or adequate remedy, and the declaratory relief

23  prayed for herein is necessary and appropriate in order to prevent great and irreparable loss and

24  damage to PLAINTIFF's interests.

25      16. PLAINTIFF desires a judicial determination of the parties' rights and obligations in

26  connection with the matters herein alleged, and a judgment in PLAINTIFF's favor as to any

27  obligations of defendants, and each of them, to PLAINTIFF. In particular, and without

28  limitation, PLAINTIFF requests a declaration that severance pay is within the meaning of

RECEIVED

5          RECEIVED                        FEB      2008

Complaint to Enforce Terms of Pension Plan

CHRIS ESPINOZA

1 | "compensable hours" as defined by the pension plan, that UNION must apply PLAINTIFF's
2 | severance pay towards his pension contributions, and that TRUST FUND must collect pension
3 | contribution based on PLAINTIFF's severance pay.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

## (Against International Brotherhood of Teamsters Union Local 952,

## Patrick Kelly, and DOES 1-100, inclusive)

8 | 17. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11 and 13
9 | through 16 above as though fully set forth herein.

10 | 18. On or about January 1995, PLAINTIFF and UNION entered into the PENSION
11 | AGREEMENT. Under the PENSION AGREEMENT, UNION was required to make pension
12 | contributions on behalf of PLAINTIFF into the TRUST FUND in the amount of $6.50 per
13 | compensable hour up to 40 compensable hours per week.

14 | 19. Per the terms of his employment agreement, PLAINTIFF was paid 13 weeks severance at
15 | his, then, hourly rate of pay, if, and only if, he worked for UNION for more than 15 years.

16 | 20. PLAINTIFF's severance pay was not a form of deferred compensation. PLAINTIFF did
17 | not accrue his severance pay regularly throughout his employment, but received exactly 13
18 | weeks severance pay if, and only if, he completed 15 years of employment with UNION and
19 | separated from UNION.

20 | 21. After the PENSION AGREEMENT between UNION and PLAINTIFF was entered into,
21 | and while PLAINTIFF worked for UNION, UNION made pension contributions based on
22 | severance pay for, at least, three other employees.

23 | 22. PLAINTIFF completed more than 15 years of employment with UNION.

24 | 23. On or about September 1999, PLAINTIFF was forced to leave his job at UNION.

25 | 24. Because PLAINTIFF had completed more than 15 years of employment with UNION and
26 | was forced to leave his job, UNION was required to pay PLAINTIFF his severance pay equal to
27 | 13 weeks pay (738 compensable hours) and contribute $6.50 per each of the 738 compensable
28 | hours represented by the 13 weeks severance pay.

RECEIVED

RECEIVED

FEB 1 2008

6

Complaint to Enforce Terms of Pension Plan

SWA/ BIC.

CHRIS ESPINOZA 11416707 id - 2/5/2008 1 24 48 PM

25. UNION failed to make the pension contributions for the 738 compensable hours represented by PLAINTIFF's 13 weeks severance pay.

26. As a direct and proximate result of UNION's failure to make pension contributions for the 738 compensable hours represented by PLAINTIFF's severance pay, PLAINTIFF's pension payments have been reduced by at least $200.00 per month, with such payments continuing to the end of his life.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT

## (Against Western Conference of Teamsters Pension Trust Fund, and DOES 1-100, inclusive)

27. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11, 13 through 16, and 18 through 26 above as though fully set forth herein.

28. On or about January 1995, PLAINTIFF and TRUST entered into the PENSION AGREEMENT. Under the PENSION AGREEMENT, TRUST was required to collect pension contributions on behalf of PLAINTIFF in the amount of $6.50 per compensable hour up to 40 compensable hours per week.

29. Per the terms of his employment agreement, PLAINTIFF was paid 13 weeks severance at his, then, hourly rate of pay, if, and only if, he worked for UNION for more than 15 years.

30. PLAINTIFF's severance pay was not a form of deferred compensation. PLAINTIFF did not accrue his severance pay regularly throughout his employment, but received exactly 13 weeks severance pay if, and only if, he completed 15 years of employment with UNION and separated from UNION.

31. After the PENSION AGREEMENT between TRUST FUND and PLAINTIFF was entered into, and while PLAINTIFF worked for UNION, TRUST FUND collected pension contributions based on severance pay for at least three other employees.

32. PLAINTIFF completed more than 15 years of employment with UNION.

33. On or about September 1999, PLAINTIFF was forced to leave his job at UNION.

7

1   34. Because PLAINTIFF had completed more than 15 years of employment with UNION and

2  was forced to leave his job, UNION was required to pay PLAINTIFF his severance pay equal to

3  13 weeks pay (738 compensable hours) and TRUST FUND was required to collect $6.50 per

4  each of the 738 compensable hours represented by the 13 weeks severance pay.

5   35. TRUST FUND failed to collect the pension contributions for the 738 compensable hours

6  represented by PLAINTIFF's 13 weeks severance pay.

7   36. As a direct and proximate result of TRUST FUND's failure to collect pension

8  contributions for the 738 compensable hours represented by PLAINTIFF's severance pay,

9  PLAINTIFF's pension payments have been reduced by at least $200.00 per month, with such

10  payments continuing to the end of his life.

### FOURTH CAUSE OF ACTION

### EQUITABLE ESTOPPEL

### (Against International Brotherhood of Teamsters Union Local 952,

### Patrick Kelly, and DOES 1-100, inclusive)

15   37. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11, 13 through

16  16, 18 through 26, and 28 through 36 above as though fully set forth herein.

17   38. UNION promised to make pension contributions for all of PLAINTIFF's compensable

18  hours.

19   39. PLAINTIFF is informed and believes that while he worked for UNION, UNION made

20  pension contributions based on severance pay for at least three other employees.

21   40. By promising to make pension contributions for all of PLAINTIFF's compensable hours

22  and by making pension contributions based on severance pay for other employees, UNION

23  should have reasonably expected to induce action of a definite and substantial character on the

24  part of PLAINTIFF.

25   41. Because PLAINTIFF remained working for UNION for more than 15 years in the belief

26  that he would receive severance pay and that his severance pay would be applied to his pension

27  contributions, UNION, in fact, did induce an action on the part of PLAINTIFF.

28

RECEIVED

RECEIVED

FEB  3  2008

FEB

8

SWA/ BIC.

CHRIS ESPINOZA   1141.4737 bf - 2/6/2008 1:24:48 PM

1  42. Injustice can be avoided only by enforcement UNION's promise to make pension

2  contributions for all of Plaintiff's compensable hours, including hours represented by severance

3  pay.

4  43. PLAINTIFF has no other plain, speedy, or adequate remedy, and the relief prayed for

5  herein is necessary and appropriate in order to prevent great and irreparable loss and damage to

6  PLAINTIFF's interests.

## FIFTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

### (Against International Brotherhood of Teamsters Union Local 952,

### Patrick Kelly and DOES 1-100, inclusive)

11  44. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11, 13 through

12  16, 18 through 26, 28 through 36, and 38 through 43 above as though fully set forth herein.

13  45. If UNION is not required to make pension contributions on behalf of PLAINTIFF for the

14  738 compensable hours represented by PLAINTIFF's severance pay, PLAINTIFF will suffer

15  irreparable harm because PLAINTIFF's pension payments have been and will continue to be

16  reduced by at least $200.00 per month, with such reduced payments continuing to the end of his

17  life.

18  46. PLAINTIFF has no other plain, speedy, or adequate remedy, and the injunctive relief

19  prayed for herein is necessary and appropriate in order to prevent great and irreparable loss and

20  damage to PLAINTIFF's interests.

21  47. The harm that PLAINTIFF will suffer if UNION is not required to make pension

22  contributions on behalf of PLAINTIFF for the 738 compensable hours represented by

23  PLAINTIFF's severance pay outweighs the harm that UNION will suffer if it is required to make

24  pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by

25  PLAINTIFF's severance pay.

26  48. Plaintiff is therefore entitled to and requests a permanent injunction requiring UNION to

27  make pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented

28  by PLAINTIFF's severance pay.

9

Complaint to Enforce Terms of Pension Plan

## SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

### (Against Western Conference of Teamsters Pension Trust Fund, and DOES 1-100, inclusive)

49. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11, 13 through 16, 18 through 26, 28 through 36, 38 through 43, and 45 through 48 above as though fully set forth herein.

50. If TRUST FUND is not required to collect pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay, PLAINTIFF will suffer irreparable harm because PLAINTIFF's pension payments have been and will continue to be reduced by at least $200.00 per month, with such reduced payments continuing to the end of his life.

51. PLAINTIFF has no other plain, speedy, or adequate remedy, and the injunctive relief prayed for herein is necessary and appropriate in order to prevent great and irreparable loss and damage to PLAINTIFF's interests.

52. The harm that PLAINTIFF will suffer if TRUST FUND is not required to collect pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay outweighs the harm that TRUST FUND will suffer if it is required to collect pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay.

53. Plaintiff is therefore entitled to and requests a permanent injunction requiring TRUST FUND to collect pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay.

RECEIVED

RECEIVED          FEB ... Ath

SWA/ BIC.

10

Complaint to Enforce Terms of Pension Plan

CHRIS ESPINOZA    11414707 91 - 7/5/2008 1 74 48 PM

## SEVENTH CAUSE OF ACTION

## TORTIOUS BREACH OF THE IMPLIED COVENANT

## OF GOOD FAITH AND FAIR DEALING

### (Against International Brotherhood of Teamsters Union Local 952, Patrick Kelly, and DOES 1-100, inclusive)

54. PLAINTIFF realleges and incorporates by reference paragraphs 1 through 11, 13 through 16, 18 through 26, 28 through 36, 38 through 43, and 45 through 53 above as though fully set forth herein.

55. Implied by the PENSION AGREEMENT were covenants that UNION, Patrick Kelly, and the Doe defendants, and each of them, would act in good faith and deal fairly with PLAINTIFF and that they would do nothing to interfere with the right of PLAINTIFF to receive the benefits of the PENSION AGREEMENT.

56. UNION, Patrick Kelly, and Doe defendants' refusal to make pension contributions on behalf of PLAINTIFF for compensable hours represented by severance pay, after making such contributions on behalf of other employees, constituted a tortious breach of the implied covenants of good faith and fair dealing contained within the PENSION AGREEMENT.

57. As a direct and proximate result of the conduct of UNION, Patrick Kelly, and Does 1 through 100, and each of them, as set forth hereinabove, PLAINTIFF has been damaged by, among other things, PLAINTIFF's pension payments being reduced by at least $200.00 per month, with such payments continuing to the end of his life.

## DEMAND FOR A JURY TRIAL

PLAINTIFF hereby demands trial by jury in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them, as follows:

## ON THE FIRST CAUSE OF ACTION

1. For a declaration of the parties' rights and obligations;

2. For attorney fees and costs as allowed by law; and

11

Complaint to Enforce Terms of Pension Plan

RECEIVED

3.   For such other and further relief as the Court deems proper.

## ON THE SECOND CAUSE OF ACTION

1.   For compensatory damages in an amount to be determined according to proof
     at the time of trial, but which is not less than in excess of the minimum
     jurisdictional limits of this Court;

2.   For specific performance of the PENSION AGREEMENT;

3.   For attorney fees and costs as allowed by law;

4.   For prejudgment interest on all amounts claimed; and

5.   For any other and further relief that the court considers proper.

## ON THE THIRD CAUSE OF ACTION

1.   For compensatory damages in an amount to be determined according to proof
     at the time of trial, but which is not less than in excess of the minimum
     jurisdictional limits of this Court;

2.   For specific performance of the PENSION AGREEMENT;

3.   For attorney fees and costs as allowed by law;

4.   For prejudgment interest on all amounts claimed; and

5.   For any other and further relief that the court considers proper.

## ON THE FOURTH CAUSE OF ACTION

1.   For compensatory damages in an amount to be determined according to proof
     at the time of trial, but which is not less than in excess of the minimum
     jurisdictional limits of this Court;

2.   For specific performance of the PENSION AGREEMENT;

3.   For attorney fees and costs as allowed by law;

4.   For prejudgment interest on all amounts claimed; and

5.   For any other and further relief that the court considers proper.

RECEIVED

FEB

RECEIVED

SWA/ BIC

12

CHRIS ESPINOZA   11414737.tif - 2/8/2008 1:24:48 PM

## ON THE FIFTH CAUSE OF ACTION

1. For a permanent injunction requiring LOCAL 952 to make pension contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay;

2. For attorney fees and costs as allowed by law; and

3. For any other and further relief that the court considers proper.

## ON THE SIXTH CAUSE OF ACTION

1. For a permanent injunction requiring TRUST to make collect contributions on behalf of PLAINTIFF for the 738 compensable hours represented by PLAINTIFF's severance pay;

2. For attorney fees and costs as allowed by law; and

3. For any other and further relief that the court considers proper.

## ON THE SEVENTH CAUSE OF ACTION

1. For compensatory damages in an amount to be determined according to proof at the time of trial, but which is not less than in excess of the minimum jurisdictional limits of this Court;

2. For specific performance of the PENSION AGREEMENT;

3. For attorney fees and costs as allowed by law;

4.. For prejudgment interest on all amounts claimed; and

5. For any other and further relief that the court considers proper.

Dated this 5th day of February, 2008

By: _____
Vanessa Jarvis, Esq.
JARVIS LAW OFFICES

RECEIVED

RECEIVED

FEB ( ) 2008

FEB ( ) 7 HPE

SWA/ BIC

13

CHRIS ESPINOZA
Complaint to Enforce Terms of Pension Plan

11414737 BF - 2/5/2008 1 24 48 PM

Case 8:08-cv-00249-AG-RNB   Document 1   Filed 03/06/08   Page 21 of 31   Page ID #:21

02/05/2008 14:28          Jarvislaw          (COPY)          (FAX)5625951234          P.003/016



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Vanessa Jarvis, Esq., : SBN 201585<br>Jarvis Law Offices<br>3970 Atlantic Avenue, Suite 202<br>Long Beach, CA 90807<br>TELEPHONE NO.: 562-595-1249          FAX NO.: 562-595-1234<br>ATTORNEY FOR *(Name)*: Edward Mireles | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>FEB 05 2008<br><br>- ALAN SLATER, Clerk of the Court<br><br>BY: R 1-30-2008 DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Mireles v. International Brotherhood of Teamsters Union Local 952

00102307

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter     ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **JUDGE JAMOA MOBERLY**<br>DEPT.:<br>DEPT. C7 |

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | ✓ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

BY FAX

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:  7 Breach of Contract/Covenant, Declaratory, Estoppel, Injunction
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

RECEIVED

Date: 02/04/2008
Vanessa Jarvis, Esq.
          (TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

FEB 1 2008

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

SWA/ BIC.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

CHRIS ESPINOZA

## SUPERIOR COURT OF CALIFORNIA
### ORANGE COUNTY - CENTRAL JUSTICE CENTER
### CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C7 | MOBERLY 714-834-4656 | Tuesday 2:00 p.m. | M,W,Th,F 1:30 p.m. | Noon | 3:00 p.m. | Yes - 4:30 p.m. the day before | If Monday is a holiday, law and motion is heard on Thursday at 2:00 p.m.  If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing.        To schedule an ex parte matter the moving party/attorney shall contact the courtroom clerk (714) 834-4656 to reserve a date no later than noon, the day prior to the hearing. |
| C11 | MONROE 714-834-4694 | Tuesday 2:00 p.m. | T,W, Th 8:30 a.m. | Noon | 4:00 p.m. | Yes - by 4:00 p.m. the day before | |
| C23 | MOSS 714-834-4606 | Friday 10:00 a.m. | Daily 8:30 a.m. | Not required | 4:00 p.m. | Yes - by 4:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C8 | MUÑOZ 714-834-3700 | Wednesday 2:00 p.m. | M, T, W, Th 8:30 a.m. | 10:00 a.m. | Noon | Yes - by 4:00 p.m. the day before | |
| C84 | MYERS 714-834-4370 | Thursday Unlimited 1:30 p.m. Limited 2:30 p.m. | M, T, W, Th 1:30 p.m. | 4:00 p.m. | M, T, W, Th, 10:00 a.m. day of ex parte; Friday, 9:00 a.m. day of ex parte | Yes - by 4:00 p.m. the day before | |

RECEIVED
FEB ? ? ?
CHRIS ESPINOZA

RECEIVED
FEB - - 2008
SWA/ BIC

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
### Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207
### Court Local Rules are located at www.occourts.org

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Notice to Courtroom the day before the hearing but no later than: | Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C26 | LEWIS 714-834-5532 | Monday 10:30 a.m. | T, W, Th 8:30 a.m. | 10:00 a.m. | 2:00 p.m | Yes - noon Friday before | Late ex parte applications shall not be accepted. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |
| C3 | MAKINO 714-834-3888 | Friday 9:00 a.m. | M,T,W,Th 8:45 a.m. | 10:00 a.m. | 2:00 p.m. | Yes | Once tentative ruling is posted NO continuance will be granted or hearing cannot be taken off calendar |
| C14 | MARGINES 714-834-4526 | Wednesday 1:30 p.m. | Daily 1:30 p.m. | 10:00 a.m. | 10:30 a.m. | No | Notice must be given to opposing party by 10:00 a.m. day before ex parte hearing. |
| C21 | MCEACHEN 714-834-4680 | Tuesday 1:30 p.m. | M, T, W, Th 9:00 a.m. | 9:00 a.m. | 3:00 p.m. | yes | |
| C4 | MILLER 714-834-4495 | Tuesday 1:30 p.m. | M, T, W, Th 9:00 a.m. | Noon | 3:00 p.m. | Yes- noon day of hearing | If Monday is a holiday, law and motion is heard on Thursday at 1:30 p.m. Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT |

RECEIVED
FEB     /

CHRIS ESPINOZA

RECEIVED
FEB    /
SWA/ BIC

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR information package along with the complaint and/or cross-complaint.**

California Rules of Court - Rule 3.221
Information about ADR

(a)   Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR information package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) In counties that are participating in the Dispute Resolution Programs Act (DRPA), information about the availability of local dispute resolution programs funded under the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b)   A court may make the ADR information package available on its Web site as long as paper copies are also made available in the clerk's office.

(c)   The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

RECEIVED

RECEIVED                                    FEB     /08

FEB                                    Page: of 4 WA/ BIC

Form No. L1200 (Rev. January 1, 2007)

CHRIS ESPINOZ/

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
### Did you know that most civil lawsuits settle without a trial?

**Introduction**

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court. ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

**Advantages of ADR**

ADR can have a number of advantages over a lawsuit. ADR can be speedier. A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years. ADR can save money. Court costs, attorney's fees, and expert fees can be saved. ADR can permit more participation. The parties may have more chances to tell their side of the story than in court and may have more control over the outcome. ADR can be flexible. The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

ADR can be cooperative. This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other. ADR can reduce stress. There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

ADR can be more satisfying. For all the above reasons, many people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

**Disadvantages of ADR**

ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**Three Common Types of ADR**

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

**MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things. Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

## ARBITRATION

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge.

Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records), rather than by testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and, normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless the parties agree to be bound. A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

## CASE EVALUATION

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case. Each party gets a chance to present the case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

### Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering. Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

### Whom Do You Call?

To locate a dispute resolution program or neutral in your community:
Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210, or contact the local bar association, or look in the Yellow Pages under "Arbitrators" or "Mediators."

For more information on local Arbitration Programs, please phone 714/834-3774 (for court ordered arbitration only) or refer to Superior Court of California, County of Orange, Local Rules 360 and 446.

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, phone: Institute for Conflict Management (714) 288-5600; Community Service Programs, Inc. (949) 851-3168; Orange County Human Relations (714) 834-7198; or Fair Housing Council of Orange County (714) 569-0827.

There may be a charge for services provided by private arbitrators and mediators.
Presented by the Judicial Council of California and the State Bar of California - March 1998

Form No. L1200 (Rev. January 1, 2007)                                                            Page 3 of 4

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility - 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North - 1275 N. Berkeley Ave., P. O. Box 5000, Fullerton, CA 92838-0500<br>☐ West - 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF:<br><br>DEFENDANT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s),_____

_____

and defendant(s),_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐    Under Section 1141.11 of the Code of Civil Procedure
        ☐    Under Section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify):_____

☐  Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

_____

_____

We understand that there may be a charge for services provided by private arbitrators and mediators.

Date:_____    _____    _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)        (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)        (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 1, 2007)
                                        California Rules of Court, rule 3.221

RECEIVED

FEB 7 2008

CHRIS ESPINOZA

RECEIVED

FEB 6 2008

SWA/BIC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV08- 249 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Edward Mireles

**DEFENDANTS**
International Brotherhood of Teamsters Union Local 952;
Western Conference of Teamsters Pension Trust Fund;
Patrick Kelly; Does 1-100

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Unknown

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Orange County

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Vanessa Jarvis, Jarvis Law Offices, 3970 Atlantic Avenue, Suite 202, Long Beach, CA 90807, Tel: (562) 595-1249.

Attorneys (If Known)

See attached.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
ERISA section 502(a)(1)(B) (29 U.S.C. section 1132(a)) - Claim for benefits.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☑ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: **SACV08-00249 AG (RNBx)**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Unknown

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐  Check here if the U.S. government, its agencies or employees is a named defendant.
    Defendant International Brotherhood of Teamsters Local 952 - Complaint alleges a principal place of business in Orange County, California.
    Defendant Western Conference of Teamsters Pension Trust Fund - Seattle, Washington; San Francisco County and Los Angeles County.
    Defendant Patrick Kelly - Complaint alleges resident of Orange County.

**List the California County**, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    Complaint alleges Orange County.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 3/5/08

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

**United States District Court, Central District of California**
**Civil Cover Sheet**
**Attachment**

**1(c). Attorneys for Defendants:**

Attorney for Defendants International Brotherhood of Teamsters Union Local 952 and Patrick Kelly:

Florice Hoffman, Esq.
Law Office of Florice Hoffman
8502 E. Chapman Ave. Suite 353
Orange, CA 92869
Tel. 714-282-1179

Attorneys for Defendant Western Conference of Teamsters Pension Trust Fund:

Robert F. Schwartz, Esq.
Virginia H. Perkins, Esq.
Trucker Huss, APC
120 Montgomery Street, 23rd Floor
San Francisco, CA 94104-4326
(415) 788-3111